## THE ROBERT AND MINNIE.

### UNITED STATES *v.* THE ROBERT AND MINNIE.

*(District Court, S. D. California. July 6, 1891.)*

NEUTRALITY LAWS—VIOLATION—FORFEITURE.
    Rev. St. U. S. § 5283, provides for the forfeiture of every vessel which, within the limits of the United States, is fitted out and armed, or attempted to be so, to be employed in the service of any foreign prince, state, or people to commit hostilities against the subjects, citizens, or property of a prince, state, or people with which the United States are at peace. *Held*, that under this section no forfeiture can be claimed of a vessel which is only employed to transport arms and munitions of war to a vessel fitting out to pursue the forbidden warlike enterprises.

In Admiralty.
*George J. Denis, Stephen M. White,* and *Page & Eells,* for claimants.
*Willoughby Cole,* U. S. Atty., and *Alexander Campbell,* Sp. Asst. U. S. Atty.

Ross, J. The question in this case may be disposed of in a few words. The proceeding is under section 5283 of the Revised Statutes, for the condemnation of the schooner Robert and Minnie, her tackle, apparel, and furniture. The section referred to provides for the forfeiture of every vessel, her tackle, apparel, and furniture, that, within the lim-

its of the United States, is fitted out and armed, or attempted to be fitted out and armed, with intent that such vessel shall be employed in the service of any foreign prince or state, or of any colony, district, or people, to cruise or commit hostilities against the subjects, citizens, or property of any foreign prince or state, or of any colony, district, or people, with whom the United States are at peace. It is plain that, in order to entitle the government to a decree of forfeiture as against the schooner Robert and Minnie, *she* must have been fitted out and armed, or attempted to be fitted out and armed, with the intent stated, to cruise or commit hostilities against the subjects, citizens, or property of a foreign prince or state, or of a colony, district, or people, with whom the United States are at peace. The specific acts charged against the schooner in question in the libel of information are that, on the 21st of April last, within the limits of the United States, to-wit, at the port of San Francisco, one George A. Burt, and other persons to the district attorney unknown, placed and caused to be placed upon said schooner large quantities of arms and munitions of war, viz., 10,000 rifles, 10,000 bayonets, 10,000 muskets, and 500,000 rounds of ammunition therefor, and transported the same on said schooner to an anchorage within this judicial district, near the island of San Clemente, and there, on the 9th day of May, delivered said arms and munitions of war to and on board of a certain steam-ship called the "Itata," which was then and there a war-ship in the possession and under the control of certain citizens of the republic of Chili, known as the "Congressional Party," and who were then and there, in said republic, organized and banded together in great numbers in armed rebellion and attempted revolution, and carrying on war against the republic of Chili, and the government thereof, with which the United States then were and now are at peace; said arms and munitions of war to be used by said insurgents, and by said ship, Itata, in carrying on war against the citizens and property of the republic of Chili. While these facts might afford good ground for the seizure and forfeiture of the Itata, they constitute no ground for the seizure or forfeiture of the schooner Robert and Minnie. *U. S.* v. *Carondelet*, 37 Fed. Rep. 799. No fact is alleged tending to show any intent on the part of the schooner to cruise or commit hostilities against the republic of Chili, or the government thereof, nor, indeed, tending to show that the schooner itself ever was fitted out or armed, or attempted to be fitted out or armed, within the meaning of the statute in question. On the contrary, the specific acts alleged show that the schooner was used only for the purpose of transporting the arms and munitions of war to the war-ship Itata; in other words, to fit out and arm the Itata to cruise and commit the prohibited hostilities. While such acts, as already said, might constitute good ground for the seizure and forfeiture of the Itata, they wholly fail to bring the schooner within the provisions of section 5283 of the Revised Statutes; and that is the only question involved in the present case. Exceptions sustained. The government not desiring to amend, the libel is dismissed.